UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GLEN SCHOOLEY,

    Plaintiff,

v.                                    Case No. 5:21-cv-219-AW/MJF

OPTION ONE MORTGAGE
CORPORATION, a/k/a, SAND
CANYON CORPORATION, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Glen Schooley's claims arise from a mortgage originated and serviced by Defendant Sand Canyon Corporation ("SCC").[1] The mortgage identifies Defendants Linda Flowers and Sharon Cason, along with Schooley and another individual ("Sheiman"), as "mortgagors." At some point, Schooley "defaulted" on the mortgage. In his third amended complaint, Doc. 24, Schooley asserts against Flowers and Cason a claim under the Consumer Financial Protection Act ("CFPA") and a quiet-title claim.

---

[1] On October 3, 2022, the District Court dismissed with prejudice Schooley's claims against SCC. Doc. 33.

Flowers and Cason move to dismiss Schooley's claims for failure to state a claim upon which relief can be granted.[2] Docs. 78, 82. Schooley responded in opposition. Doc. 83. Because the CFPA does not provide a private cause of action, the District Court should grant Flowers's and Cason's motions to dismiss as to Schooley's CFPA claim. Additionally, the District Court should decline to exercise supplemental jurisdiction over Schooley's quiet-title claim against Flowers and Cason and dismiss that claim without prejudice.

## I. BACKGROUND

Schooley's factual allegations are convoluted. The following is the undersigned's best effort to understand and summarize the substance of those allegations.[3]

In November 2006, Schooley executed a mortgage with SCC for property located in Ponce De Leon, Florida. Doc. 24-1 at 2–11. Although Flowers, Cason, Schooley, and Sheiman are listed as "mortgagors" on the first page of the mortgage, only Schooley and Sheiman are identified as "borrowers." *Id.* at 9, 11. Flowers and Cason are identified as "witnesses," and Flowers notarized the mortgage. *Id.* at 9. At

---

[2] The undersigned construes Cason's "Request for Joinder," Doc. 82, as incorporating the arguments set forth in Flowers's motion to dismiss.

[3] A detailed recitation of Schooley's allegations can be found in the undersigned report and recommendation of September 7, 2022. Doc. 31. The undersigned included in this report and recommendation only Schooley's allegations related to Flowers and Cason.

some point, Schooley "default[ed]" on the mortgage. *See* Doc. 24 at 5, 23 ¶¶ 18–19, 111.

Schooley's allegations only briefly mention Cason and Flowers. Schooley alleges that Cason and Flowers "are not real parties in interest, are not owners, are officious intermeddlers at best or fraudsters at worst, and in reality, simply committed a scrivener error by adding their name to the title when they prepared the closing documents." *Id.* at 2 ¶ 6 (errors in original). Schooley alleges that their names "must be removed" from the mortgage. *Id.* at 7 ¶ 36.

In a conclusory fashion, Schooley asserts that Flowers and Cason violated the CFPA. *Id.* at 13–16. Additionally, he asserts against Flowers and Cason a quiet-title claim, presumably under Florida law,[4] although Schooley does not specify this. *Id.* at 18–19.

## II. Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes defendants to move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a claim to survive dismissal, the "complaint must contain sufficient factual matter, accepted as true," to state a facially plausible claim.

---

[4] The mortgage, which Schooley attached to his third amended complaint, states that it is "governed by federal law and the law of the jurisdiction in which the Property is located." Doc. 24-1 at 6 ¶ 15. Because the property at issue is located in Florida, Florida law presumably governs Schooley's quiet-title claim.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Allegations that merely suggest the possibility that the defendant acted unlawfully are insufficient; the allegations must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When evaluating a claim's plausibility, courts accept all well-pleaded factual allegations of the complaint as true and evaluate all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022) (citation omitted). Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

### III. Discussion

**A.    Schooley Fails to Allege a Plausible Claim Under the CFPA**

Schooley alleges that Cason and Flowers violated the CFPA by falsely "represent[ing] that they have some title or interest" in the mortgage and refusing to remove their name from the mortgage. Doc. 24 at 14 ¶¶ 74–75. Cason and Flowers

move to dismiss this claim because, among other things, the CFPA does not create a private cause of action.

The CFPA empowers the Consumer Financial Protection Bureau and state attorneys general "to prevent a . . . service provider from committing or engaging in an unfair, deceptive, or abusive act or practice under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service." 12 U.S.C. § 5531(a); *see id.* § 5552(a).

As the District Court and many other courts have held, the CFPA does not create a private cause of action. Doc. 33; *Schneider v. Credit Hum. Fed. Credit Union*, No. 4:20-cv-1747, 2022 WL 971464, at *3 (N.D. Ohio Mar. 31, 2022); *McMillan v. Nationstar Mortg.*, No. 20-1321, 2020 WL 4201605, at *3 (E.D. Pa. July 22, 2020); *Ford v. Bass & Assocs., P.C.*, No. 5:19-cv-159-TES, 2019 WL 5196386, at *2 n.3 (M.D. Ga. Oct. 15, 2019); *Mayall v. Randall Firm, PLLC*, No. 1:13-cv-166-TC, 2017 WL 3432033, at *2 (D. Utah Aug. 9, 2017); *Tillman v. air Autovest, LLC*, No. 2:16-cv-211-RDP, 2016 WL 4379455, at *7 (N.D. Ala. Aug. 17, 2016) (collecting cases); *Gingras v. Rosette*, No. 5:15-cv-101, 2016 WL 2932163, at *22 (D. Vt. May 18, 2016); *Beider v. Retrieval Masters Creditors Bureau*, 146 F. Supp. 3d 465, 472 (E.D.N.Y. 2015).

In an effort to overcome this problem, Schooley alleges that he is asserting his CFPA claim "under the Private Attorney General statutes permitting him to enforce Sections 1054 and 1055" of the CFPA. Doc. 24 at 13 ¶ 69. But Schooley fails to identify the "Private Attorney General statutes" that purportedly enable him to assert a claim under the CFPA, and the undersigned is not aware of any such statute. "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. Univ. of Chi.*, 441 U.S. 677, 688 (1979). Here, Congress has not authorized private actions for violations of the CFPA. Accordingly, the District Court should dismiss Schooley's CFPA claim against Cason and Flowers.

**B.    The District Court Should Decline to Exercise Supplemental Jurisdiction**

Schooley also asserts a quiet-title claim. Doc. 24 at 18–19.

Once a plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over any state claims against a defendant. *See Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). Additionally, a district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *see United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26 (1966). Where section 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may

influence the court's discretion to exercise supplemental jurisdiction. *See Baggett*, 117 F.3d at 1353 (citation omitted). Indeed, the Eleventh Circuit has encouraged district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial.").

Taking these factors into account, Schooley's quiet-title claim should be dismissed without prejudice to permit him to pursue that claim—assuming it is not moot[5]—in a more appropriate forum. While it may be convenient for Schooley to continue litigating his case in this court, the District Court has a substantial number of original jurisdiction cases pending, and neither judicial economy nor fairness to other litigants support retaining jurisdiction of Schooley's quiet-title claim and delaying justice in other cases. Furthermore, a state court might be better equipped to research and rule on matters of state law, and comity would suggest that a state court should be allowed to do so.

Schooley will not suffer any prejudice regarding the statute of limitations. The supplemental jurisdiction statute contains a tolling provision. *See* 28 U.S.C. § 1367(d) (state claims asserted in federal court along with "related" federal claims

---

[5] Both Cason and Flowers filed copies of quit-claim deeds conveying to Schooley any of their respective interest in the subject property. Doc. 78 at 11–13; Doc. 82-1 at 1–3.

"shall be tolled while the claim is pending and for a period of 30 days after it is dismissed"); *Artis v. District of Columbia*, 583 U.S. __, 138 S. Ct. 594, 598 (2018). Thus, the statute of limitations for Schooley's quiet-title claim is tolled while it is pending in federal court, and Schooley would have 30 days after dismissal to re-file his quiet-title claim in state court.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court **GRANT IN PART** and **DENY IN PART** Defendants Sharon Cason's and Linda Flowers's motions to dismiss, Docs. 78, 82, as follows:

1. **DISMISS** with prejudice Plaintiff Glen Schooley's CFPA claim against Defendants Cason and Flowers.

2. **DISMISS** without prejudice Plaintiff Glen Schooley's quiet-title claim against Defendants Cason and Flowers.

3. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 24th day of March, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(E);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**