IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**GLEN SCHOOLEY,**

    **Plaintiff,**

v.   Case No. 5:21-cv-219-AW-MJF

**OPTION ONE MORTGAGE
CORPORATION, a/k/a, SAND
CANYON CORPORATION, et al.,**

    **Defendants.**

_____/

## ORDER OF DISMISSAL

In his Third Amended Complaint, Glen Schooley has sued Sand Canyon Corporation and two individuals—Linda Flowers and Sharon Cason. ECF No. 24. I dismissed with prejudice his claims against the corporation. ECF No. 33. This order dismisses the claims against Flowers and Cason.

The magistrate judge issued a report and recommendation concluding dismissal is appropriate. ECF No. 85. Schooley filed objections late, ECF No. 87, and I have considered de novo the issues he raises. (I will grant Schooley's motion for leave to file the objections out of time, and I have treated them as though they were timely filed.)

I agree with the magistrate judge that Count One must be dismissed because there is no private right of action under the CFPA. That leaves only the quiet-title

1

claims in Count Three, and I agree with the magistrate judge that—with no original-jurisdiction claim remaining, I should decline to exercise supplemental jurisdiction.

In his objections, Schooley takes issue with earlier, nondispositive orders the magistrate judge issued. But Schooley did not timely object to these. *See* Fed. R. Civ. P. 72(a) (setting 14-day deadline to file objections to nondispositive order). At any rate, no prior order appears to be clearly erroneous or contrary to law.

Schooley also assigns certain "admissions" to Flowers and Cason, but none undermines the conclusion that there is no CFPA private right of action. Finally, Schooley addresses other statutes he says might provide relief, but he has had multiple opportunities to amend, and I have determined there should be no further leave to amend.

It is now ORDERED:

1. The motion for leave to file untimely objections (ECF No. 86) is GRANTED, and the objections (ECF No. 87) are deemed timely.

2. The report and recommendation (ECF No. 85) is adopted and incorporated into this order.

3. The objections (ECF No. 87) are OVERRULED.

4. The motions to dismiss (ECF No. 78, 82) are GRANTED.

5. The clerk will enter a judgment that says, "Plaintiff's claims are all dismissed. All claims against Defendant Sand Canyon Corporation are dismissed

with prejudice for failure to state a claim. The Count One claims against Defendants Linda Flowers and Sharon Cason are dismissed with prejudice for failure to state a claim. The Count Three claims against Defendants Linda Flowers and Sharon Cason are dismissed without prejudice because the court declines to exercise supplemental jurisdiction over them."

6. The clerk will then close the file.

SO ORDERED on May 16, 2023.

                                        s/ *Allen Winsor*
                                        United States District Judge